1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA

10   Eton Marcel Pope,

11                      Petitioner,            CASE NO. 2:21-cv-00265-RAJ-DWC

12        v.                                   ORDER

13   Ron Haynes,

14                      Respondent.

15

16        The District Court has referred this action filed under 42 U.S.C. § 1983 to United States

17   Magistrate Judge David W. Christel. Before the Court is Petitioner's Motion to Amend

18   ("Motion"). Dkt. 8. Also pending are: (1) Respondent's Answer (Dkt. 11, 12); (2) Petitioner's

19   Amended Motion for Expansion of the Record ("Motion to Expand," Dkt. 13); and (3)

20   Petitioner's Motion for Relief from a Deadline under LCR 7(D) ("Motion for Extension," Dkt.

21   14).

22        On March 23, 2021, Petitioner filed the Motion to Amend seeking leave to amend his

23   original Petition. Dkt. 8. On March 31, 2021, before the Court ruled on the Motion to Amend,

24   Petitioner filed the Amended Petition. Dkt. 9. On April 23, 2021, Respondent filed his Answer to

the original Petition and Amended Petition. Dkt. 11, 12. On April 28, 2021, Petitioner filed the Motion to Expand, seeking to expand the record to include all exhibits and affidavits attached to his "petition and memorandum brief[.]"Dkt. 13. It is not clear which "petition" he is referring to, or what exhibits and affidavits he would like to attach. *See id.* On May 4, 2021, Petitioner filed the Motion for Extension, seeking a 45-day extension to file his Traverse in response to Respondent's Answer.[1] Dkt. 14.

A habeas petitioner's opportunity to amend as a matter of course, without permission of the Court, exists within 21 days of when the responsive pleading is served. Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course within … 21 days after service of a responsive pleading."); *Mayle v. Felix*, 545 U.S. 644, 665-66 (2005). After one amendment, or after the government files an answer or other response, a petitioner may not amend without the court's leave or the respondent's consent. *Id.* Petitioner's Motion to Amend was filed within 21 days of the service of the original Petition and before Respondent filed his Answer. Dkt. 3, 8, 11, 12. Thus, Petitioner may amend as a matter of course.

However, after considering the pending Original Petition, Motion to Amend, Amended Petition, and Motion to Expand, it is not clear to the Court what claims Petitioner seeks to raise. Rather, it appears Petitioner seeks permission to supplement and add additional grounds to his original Petition. Dkt. 8, 9, 13. For example, his original Petition raised eight grounds for relief, but his Amended Petition only raises three grounds for relief. *Compare* Dkt. 3 *with* Dkt. 9.[2] In addition, Petitioner's Motion to Expand requests that the Court consider all of the exhibits and attachments to his "petition," but is not clear which petition he is referring. Dkt. 13.

---

[1] The Motion for Extension was entered into the docket by the Clerk's Office on May 7, 2021. *See* Dkt. 14.
[2] The Motion to Amend appears to raise only two claims for relief. *See* Dkt. 8.

1    Accordingly, in order to ensure the record is complete and Petitioner has had the

2 opportunity to clearly set forth all of his claims, the Court orders Petitioner to file second

3 amended petition on or before June 25, 2021.

4    Petitioner is advised he must file a second amended petition, and not a supplement to the

5 original Petition or Amended Petition. The second amended petition must comply with Rule 2 of

6 the Rules Governing Section 2254 Cases and be filed on the form provided by the Court. The

7 second amended petition must provide all the information required therein and the second

8 amended petition may not incorporate any part of the original Petition or Amended Petition by

9 reference. The second amended petition must also be legibly rewritten or retyped in its entirety, it

10 should be an original and not a copy, and it should contain the same case number.  The second

11 amended petition will act as a complete substitute for the original Petition and Amended Petition,

12 and not as a supplement. Reference to a prior pleading or another document is unacceptable –

13 once Petitioner files a second amended petition, the original Petition and Amended Petition will

14 no longer serve any function in this case. Petitioner must file a new and complete second

15 amended petition on the Court-approved form which includes all arguments he wishes to

16 consider. Petitioner should title this document "Second Amended Petition." If Petitioner fails to

17 file a second amended petition on or before June 25, 2021, the Court may dismiss this action

18 without prejudice for failure to prosecute and failure to comply with a Court order.

19    Therefore, the Motion to Amend (Dkt. 8) is granted as a matter of course. The Motion to

20 Expand (Dkt. 13) and Motion for Extension (Dkt. 14) denied without prejudice as premature

21 based on the filing of a second amended petition. However, the Court affords Petitioner 45 days

22 to file his second amended petition.

23

24

1    The Clerk is directed to enter a deadline of June 25, 2021 to file the second amended

2    petition and terminate the pending deadline related to the original Petition, Amended Petition, and

3    Response (Dkt. 3, 9, 11, 12). After a review of the second amended petition, the Court will

4    determine whether it is necessary for Respondent to file a supplemental or amended answer, and

5    the Court will set a new noting date.  The Clerk is further directed to provide Petitioner with the

6    forms for filing a Petition for Habeas Corpus relief pursuant to 28 U.S.C. § 2254.

7

8    Dated this 10th day of May, 2021.

9

10   _____

     David W. Christel
11   United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24