UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ETON MARCEL POPE,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>RON HAYNES,<br><br>　　　　　　　Respondent. | CASE NO. 2:21-cv-00265-JHC<br><br>ORDER |

**I.**

**INTRODUCTION**

This matter comes before the Court on Magistrate Judge David W. Christel's Report and Recommendation. Dkt. # 31. Having reviewed the Report and Recommendation, Petitioner Eton Marcel Pope's objections, and the remaining record, the Court ADOPTS the Report and Recommendation (Dkt. # 31) and DENIES Petitioner's federal habeas petition (Dkt. # 18). The Court DENIES Petitioner's request for an evidentiary hearing and will not issue a Certificate of Appealability.

ORDER - 1

## II.

### BACKGROUND

This Order refers to the Report and Recommendation for a discussion of the background of this case. Petitioner raises eight claims in his Second Amended Petition: four relate to alleged prosecutorial misconduct; three relate to alleged ineffective assistance of appellate counsel; and one alleges cumulative error. Dkt. # 18. The Report and Recommendation recommends the denial of the petition because Petitioner has failed to show that the state court's adjudication resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Petitioner objects.

## III.

### ANALYSIS

A.  Prosecutorial Misconduct Grounds[1]

  1.  Ground 1

Petitioner's first ground for habeas relief alleges that the prosecutor committed misconduct by introducing the victim E.S.'s perjured testimony, depriving him of his due process right to a fair trial. In his objections, Petitioner contends that E.S.'s trial testimony about an uncharged rape on October 20, 2013 was perjury because it conflicted with a statement she made during a probable cause interview on November 13, 2013. During the November interview, she was asked about October 20: "After that time where he took your pants off, led you to the bedroom and you gave in, did you guys then later have consensual sex *again*?" Dkt. # 25 at 64

---

[1] In his objections, in connection with his claim of prosecutorial misconduct, Petitioner broadly alleges that the state court ruled without comment and that it "performed exparte [sic] peremptory rulings" meaning that he never had a full and fair opportunity to resolve factual issues in dispute. Petitioner does not cite law stating that ruling without comment violated clearly established federal law nor does he identify which rulings were "exparte [sic] peremptory rulings."

ORDER - 2

(emphasis added). She responded, "Yeah, we did. Later." *Id.* During trial she testified that she had sex with Petitioner twice on October 20 and that the first time was nonconsensual and the second time was consensual. Dkt. # 12 at 170–72.

But viewing E.S.'s comment during the probable cause interview in context reveals that her statements have remained consistent. Just before the question about having consensual sex "again," E.S. explained the first, nonconsensual, sexual encounter on October 20. She described how she was crying, shaking, and scared; repeatedly said "no"; and said, "This is not what I want to do." Dkt. # 12 at 60–63. She stated that she thought about the rape in September—for which Petitioner was charged—and "g[a]ve in." *Id.* Given the context of the statement from the November interview, Petitioner has not shown that E.S.'s trial testimony was "actually false." *United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003). Thus, E.S.'s affirmative answer to the question about having consensual sex "again" is not a basis for concluding that the prosecutor elicited or failed to correct false testimony. *See Gomez v. Adams*, 555 F. Supp. 2d 1070, 1091 (C.D. Cal. 2008) ("Petitioner must point to something in the prosecutor's questioning, or the answers given, that may be construed as reflecting an intention by the prosecutor to mislead the jury.").

Petitioner also emphasizes in his objections that the prosecutor's trial memorandum shows that she knew that E.S.'s trial testimony about a rape on October 20 was false. The submitted excerpt of the trial memorandum states:

> The defendant will attempt to argue prior *unfounded* rape allegations be admissible for trial. Again, the defendant has made an insufficient offer of proof to this allegation. The State requests an offer of proof by the defense outside the presence of the jury before the defense inquire [sic] on cross examination.

Dkt. # 25 at 74 (emphasis added). Petitioner contends the use of "unfounded" proves that the prosecutor knew that E.S.'s testimony was false. Petitioner says that this comment must refer to

ORDER - 3

the alleged October 20 rape because there are no other rape allegations in the record. There is not enough evidence in the record to find that the reference to "prior unfounded rape allegations" refers to the October 20 incident. And even if it did, the prosecutor was characterizing Petitioner's position, not commenting on whether the allegation was indeed unfounded. In any event, because Petitioner cannot show E.S.'s testimony was "actually false," his first ground fails.

    2.       Ground 2

Petitioner's second ground for relief alleges that the prosecutor committed misconduct by failing to disclose exculpatory evidence in violation of his due process right to a fair trial. In his objections, Petitioner identifies the transcript of the November 13 probable cause interview as the evidence the prosecutor allegedly failed to disclose. Petitioner acknowledges that the interview had not yet been transcribed at the time of trial but contends this does not "absolve the prosecutor of her duty not to introduce perjured testimony or use evidence she knew was false." Dkt. # 32 at 8. Thus, while Petitioner has shown that because the transcript did not yet exist, he lacked access to it during trial, he has not established that the prosecutor otherwise failed to disclose the contents or recording of the interview. Indeed, from the record it appears that Petitioner did have access to the contents of the interview. During cross-examination of E.S., Petitioner asked, "In that interview, in your own words, did you not say you were not raped on October 20th, 2013?" Dkt. # 12 at 205. Moreover, in his objections, Petitioner himself states that E.S. "testified at trial and *was cross examined about the prior statement*." Dkt. # 32 at 11 (emphasis added).

Petitioner also seems to conflate grounds 1 and 2 and argue that the prosecutor had a disclosure-related duty to raise the "consensual sex again" comment at trial. He says the prosecutor violated her disclosure obligations by allowing false testimony and failing to "alert

ORDER - 4

the court, and the jury that [E.S.] had testified falsely." Dkt. # 32 at 12. Aside from the duty discussed above to correct "actually false" testimony that the prosecutor knew to be false, the prosecutor has no duty to impeach their own witness with a prior inconsistent statement. The Court agrees with the Report and Recommendation that Petitioner fails on this ground.

3.   Ground 3

Petitioner's third ground for relief alleges that the prosecutor committed misconduct by eliciting evidence of an uncharged crime—the alleged rape on October 20. In his objections, Petitioner seems to pivot to an argument that the Fifth Amendment prohibits an accused from being tried on charges not in an indictment. Dkt. # 32 at 13. He contends that "the possibility exist [sic] that the petitioner could be twice tried for an offense not charged." *Id.* But during closing argument, the State confirmed that the only date at issue in the to-convict instruction was September 15, 2013. Dkt. # 12 at 399. Petitioner has not established that the State violated clearly established Fifth Amendment law.

Petitioner also reiterates that introducing testimony about the October 20 incident violated evidentiary rules, but as the Report and Recommendation notes, this Court does not review state court evidentiary rulings absent limited exceptions not present here.

4.   Ground 4

Petitioner's fourth ground for relief alleges that the prosecutor committed misconduct during closing argument by misstating the evidence and vouching for the victim. In his objections, Petitioner focuses on the prosecutor's comments about Petitioner targeting E.S. as the "perfect victim" to be molded by him. He argues that it does not make sense for him to have had multiple consensual sexual encounters with her just to victimize her by raping her once. He also argues that premeditation was not at issue in his case, so the comments inflamed the passions of the jury for no legitimate purpose. These arguments do not persuade the Court to reject the

ORDER - 5

Report and Recommendation. The prosecutor's comments during closing were reasonable inferences based on the record. *See United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997) (noting that prosecutors may make reasonable inferences from the evidence presented at trial).

B.     Ineffective Assistance of Counsel Grounds

   5.     Ground 5

Petitioner's fifth ground for relief alleges that his appellate counsel was ineffective for failing to raise an insufficiency of the evidence argument. He contends insufficient evidence of forcible compulsion supported his second degree rape conviction. In his objections, Petitioner emphasizes that, because during cross-examination he elicited testimony from E.S. that they had consensual sex from July to October, there was insufficient evidence of forcible compulsion for a rape in September. *See* Dkt. # 12 at 238–39. Petitioner claims by eliciting this testimony, he created a reasonable doubt, and requiring him to do more would violate due process.

But to establish an ineffective assistance of counsel claim, Petitioner must show that (1) counsel's performance was unreasonable, and (2) there is a reasonable probability that, but for counsel's failure to raise the issue, Petitioner would have prevailed on his appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Review of an insufficiency of the evidence claim requires the court to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis added). Moreover, Washington appellate courts defer to the jury on issues of witness credibility and do not re-weigh conflicting testimony. *State v. Hernandez*, 85 Wn. App. 672, 675, 935 P.2d 623 (1997). Thus, to prevail on this ground, Petitioner must show that his counsel's performance was unreasonable because no rational trier of fact could have found the essential elements of his

crime beyond a reasonable doubt and that if counsel had raised the claim, he would have probably prevailed on appeal. While Petitioner makes a conclusory statement to this effect, he has not established that E.S.'s comment about consensual sex precluded "any rational juror" from finding forcible compulsion, particularly given the other evidence of forcible compulsion discussed in the Report and Recommendation.

      6.      Grounds 6 and 7

Petitioner's sixth ground for relief alleges that his appellate counsel was ineffective for not asserting that the trial court failed to follow the proper procedure for admitting evidence under Evidence Rule 404(b). And his seventh ground alleges that counsel was ineffective for failing to assert that the State impermissibly commented on Petitioner's right to remain silent. In his objections, Petitioner states only that he objects to the Report and Recommendation as to these two grounds "in full." Having reviewed the Report and Recommendation, the Court adopts its reasoning and conclusions about these grounds.

C.      Cumulative Error

Petitioner's eighth ground for relief alleges that cumulative error warrants granting his habeas petition. In his objections, Petitioner disagrees with the Report and Recommendation's conclusion that he demonstrated no prejudicial error. But his claims of prejudice are conclusory and, as discussed above, Petitioner's objections do not warrant rejecting the Report and Recommendation.

D.      Evidentiary Hearing

The Court adopts the recommendation that it deny Petitioner's request for an evidentiary hearing. In his objections, Petitioner says that fact-finding is undermined where a state court ignores evidence before it and that he never had the opportunity to present all the evidence supporting his claims at a full and fair hearing. These seem to be two separate contentions, but

ORDER - 7

in any event, it appears to the Court that an evidentiary hearing is not needed here.[2] *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (noting that a "federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.").

E.     Certificate of Appealability

The Court adopts the recommendation that it not issue a Certificate of Appealability under 28 U.S.C. § 2253(c)(2). Petitioner's objection is a conclusory recitation of the legal standard and does not persuade the Court to reject the Report and Recommendation.

## IV.

### CONCLUSION

The Court, having reviewed the Report and Recommendation of Magistrate Judge Christel, objections to the Report and Recommendation,[3] and the remaining record, does hereby find and ORDER:

(1) The Report and Recommendation is ADOPTED.

---

[2] In a separate motion for an evidentiary hearing (Dkt. # 33) Petitioner reiterates his request for an evidentiary hearing and appointment of counsel for the hearing under Rule 8(a) governing 28 U.S.C. § 2254 habeas petitions. Citing 28 U.S.C. § 2248, Petitioner contends that the Respondent failed to respond to his claims of prosecutorial misconduct and as such, the Court must take all the allegations in those claims as true. 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."). Petitioner contends that as a result, an evidentiary hearing is needed to resolve resultant factual disputes. But Petitioner's allegations in Grounds 1–4 do not necessitate a hearing. This matter is capable of being decided on the record and thus the Court DENIES Petitioner's motion for an evidentiary hearing (Dkt. # 33). *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("The Ninth Circuit has recognized . . . that 'an evidentiary hearing is not required on issues that can be resolved by reference to the state court record.'" (quoting *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998)).

[3] In his objections, Petitioner contends that the Report and Recommendation misquotes the defense he asserted at trial and that the misquote is material. The Report and Recommendation quotes the state court opinion, which states that Petitioner's "defense was general denial or consent." Dkt. # 31 at 3. The record shows that the trial court stated, "[W]hat I'm going to indicate . . . on general nature of defense is general denial as well as consent." Dkt. # 25 at 118–19. Petitioner does not explain why this distinction is material for purposes of his objections.

(2) Petitioner's federal habeas petition under 28 U.S.C. § 2254 is DENIED.

(3) The Court will NOT issue a Certificate of Appealability under 28 U.S.C. § 2253(c)(2), for the reasons articulated in the Report and Recommendation.

(4) The Court DENIES Petitioner's request for an evidentiary hearing for the reasons stated in the Report and Recommendation.

(5) The Court DENIES Petitioner's motion for an evidentiary hearing (Dkt. # 33).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 22nd day of July, 2022.

*John H. Chun*
John H. Chun
United States District Judge

ORDER - 9